## ROBERT L. ZWEYGARTT
### vs.
## ROSCOE R. N. GRAY ET AL.

Superior Court      Hartford County      File No. 63671

. MEMORANDUM FILED NOVEMBER 9, 1940.

*Cornelius D. Shea,* of Hartford, for the Plaintiff.

*Day, Berry & Howard,* of Hartford, and *Pelgrift & Blum-enfeld,* of Hartford, for the Defendants.

CORNELL, J.   The special defense alleges in substance that plaintiff (whom the complaint describes as an occupant or passenger in an automobile operated by the demurring defend-ant's brother) was guilty of negligence forming a proximate cause of his injuries in that while he so travelled in such car, the front seat where the driver sat was overcrowded in that there were four passengers there.   This it is alleged consti-tuted negligence in two different respects, viz., (1) arising from violation of a statutory regulation and (2) in that plain-tiff knew or should have known that the presence of so many persons on the front seat "interfered with the view of the operator of said automobile."

Reasons 1 and 4 of the demurrer attack only the sufficiency of the first mentioned allegation of negligence (viz., that arising from a violation of statute).   These are necessarily insufficient because the demurrer is addressed to the defense in its entirety while these grounds apply only to a single basis of defense

although not directed thereto (Practice Book [1934] §97 and cases cited in footnote). As concerns the other reasons of demurrer, it is evident that under the second ground of negligence alleged—at least—it would be competent for the defendant to introduce evidence in support of a claim that the plaintiff was guilty of contributory negligence. While the duty upon a mere occupant or passenger is a very limited one in respect of the care required of him, that principle of law which forbids recovery to a plaintiff under any circumstances where his own conduct forms a proximate cause of his injuries still applies to a passenger as well as anyone else. The question whether the conduct alleged constituted negligence and whether if it did it was a substantial factor in producing plaintiff's injuries is a question of fact and so not assailable by demurrer.

The demurrer is overruled on all grounds.